UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TRUSTEES OF THE NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS
PENSION FUND, WELFARE FUND, ANNUITY
FUND and APPRENTICESHIP, JOURNEYMAN
RETRAINING, EDUCATIONAL AND
INDUSTRY FUND, TRUSTEES OF THE NEW
YORK CITY CARPENTERS RELIEF AND
CHARITY FUND and THE NEW YORK CITY
AND VICINITY CARPENTERS LABOR-
MANAGEMENT CORPORATION,

              **ANSWER**

              **13 CV 6780**

              Plaintiff,

           - against –

MSG CONSULTANTS, INC. d/b/a ALBA
GENERAL CONTRACTORS, MARTIN
SHKRELI d/b/a ALBA CONSTRUCTION CO.,
and ALBA GROUP, INC. d/b/a ALBA
CONSTRUCTION CO.,

              Defendants.
------------------------------------------------------------X

      Defendants MSG CONSULTANTS, INC. d/b/a ALBA GENERAL CONTRACTORS, MARTIN SHKRELI s/h/i/a MARTIN SHKRELI d/b/a ALBA CONSTRUCTION CO. and ALBA GROUP, INC. d/b/a ALBA CONSTRUCTION CO. ("collectively "Defendants"), by their attorneys, Zetlin & DeChiara LLP, as and for their Answer to Plaintiffs' September 25, 2013 Complaint (the "Complaint"), alleges as follows:

      1.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 1, 2 and 3 of the Complaint and refer all questions of law to the Court.

      2.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 4, 5 and 6 of the Complaint.

3. Defendants deny the allegations contained in Paragraph 7 of the Complaint except admit that MSG Consultants, Inc. ("MSG") was a New York corporation and had a principal place of business located at 801 Second Avenue, New York, New York 10016 and refer all questions of law to the Court.

4. Defendants deny the allegations contained in Paragraph 8 of the Complaint except admit that Martin Shkreli resides in the State of New York and refer all questions of law to the Court.

5. Defendants deny the allegations contained in Paragraph 9 of the Complaint except admit that Alba Group, Inc. ("Alba") is a New York corporation and has a principal place of business located at 801 Second Avenue, New York, New York 10016 and refer all questions of law to the Court.

## AS AND FOR A RESPONSE TO PLAINTIFFS' FIRST CLAIM FOR RELIEF

6. Answering Paragraph 10 of the Complaint, Defendants repeat their responses to Paragraphs 1 through 9 of the Complaint as if fully set forth at length herein.

7. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint and refer all questions of law to the Court.

8. Defendants deny the allegations contained in Paragraph 12 of the Complaint except admit that MSG had previously entered into a collective bargaining agreement (the "CBA") with the District Counsel of New York City and Vicinity of the United Brotherhood of Carpenters amd Joiners of America, AFL-CIO ("Union").

9. Defendants neither admit nor deny the allegations contained in Paragraphs 13 and 14 of the Complaint and refer to the CBA for a true and accurrate statement of the terms

and conditions contained therein.

10. Defendants deny the allegations contained in Paragraph 15 of the Complaint except admit that Martin Skhreli owned MSG.

11. Defendants deny the allegations contained in Paragraphs 16 and 17 of the Complaint.

12. Defendants deny the allegations contained in Paragraph 18 of the Complaint except admit that Alba Group, Inc. does business as Alba Contruction Co.

13. Defendants deny the allegations contained in Paragraph 19 and 20 of the Complaint and refer all questions of law to the Court.

14. Defendants deny the allegations contained in Paragraph 21 of the Complaint except admits that MSG had used the same telephone number which is now used by Alba Group, Inc.

15. Defendants deny the allegations contained in Paragraph 22 of the Complaint except admits that MSG had used the same fax number which is now used by Alba Group, Inc.

16. Defendants deny the allegations contained in Paragraph 23 of the Complaint except admits that MSG had previously performed construction services.

17. Defendants deny the allegations contained in Paragraph 24 of the Complaint except admits that Alba Group, Inc. d/b/a Alba Construction Co. performs construction services.

18. Defendants deny the allegations contained in Paragraphs 25 and 26 of the Complaint and refer all questions of law to the Court.

19. Defendants deny knowledge or information sufficient to form a belief as to

the truth of the allegations contained in Paragraph 27 of the Complaint and refer to the CBA for a true and accurate statement of its terms and conditions.

20. Defendants deny the allegations contained in Paragraph 28 of the Complaint and refer all questions of law to the Court.

## AFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

21. MSG was legally dissolved prior to the commencement of this action.

### AS AND FOR THE SECOND AFFIRMATIVE DEFENSE

22. Martin Shkreli is not a proper party to this action.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

23. Alba Group, Inc. is not a signatory to any collective bargaining agreement with the Union and is not a proper party to this action.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

24. Martin Shkreli, in his individual capacity, is not a signatory to any collective bargaining agreement with the Union.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

25. Plaintiffs have violated the terms and conditions of the CBA as they did not submit the claims asserted in this action to arbitration prior to commencement of this action.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

26. Plaintiffs have failed to exhaust all administrative remedies.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

27. Plaintiffs' claims for benefits are barred, in whole or in part, because the requisite conditions precedent and/or subsequent to their alleged entitlement to such benefits did

not occur.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

28.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

29.     MSG made full payment to the Union for benefits in connection with the two Union employees it employed until such time as MSG was unable to continue performing construction services due to the severe economic downturn in early 2009.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

30.     Plaintiffs have not satisfied the statutory prerequisites to the maintenance of a suit under ERISA including, but not limited to, ERISA § 502(h).

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

31.     Plaintiffs are not entitled to the recovery of attorneys' fees under the circumstances pled.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

32.     Plaintiffs have failed to comply with the requirements of the Multiemployer Pension Plan Amendment Act in connection with any purported withdrawal liability of MSG.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

33.     If any damages have been sustained by Plaintiffs, which damages are expressly denied, then all such damages will have been caused or brought about in whole or in part by the wrongdoing, fault, poor business judgment, negligence or failure of due care of the Plaintiffs, and any recovery should thereby be diminished in the proportion which

Plaintiffs' culpable conduct bears to the conduct which caused the alleged damages.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

34. To the extent that Plaintiffs failed to mitigate, minimize or avoid any damages they allegedly sustained, any recovery by Plaintiffs must be reduced by the amount attributable to said failure.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

35. Plaintiffs' claims are barred, in whole or in part, by their own negligence, breaches of contract, inequitable conduct and/or other culpable conduct.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

36. Martin Shkreli is not property party to the litigation as there is no individual liability for actions of an corporation

WHEREFORE, Defendants demands judgment:

a. Dismissing the Complaint against them, with prejudice;

b. Awarding Defendants the costs and disbursements of this action; and

c. Granting such other relief as this court shall deem proper.

Dated: New York, New York
November 8, 2013

ZETLIN & DE CHIARA LLP

By: _____
James H. Rowland (JR5123)
*Attorneys for Defendants*
801 Second Avenue
New York, New York 10017
(212) 682-6800
jrowland@zdlaw.com

TO:   VIRGINIA & AMBINDER, LLP
      *Attorney for Plaintiffs*
      111 Broadway, Suite 1403
      New York, New York 10006
      (212) 943-9080